# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| TRACEY ALLEN McGHGHY,<br><br>    Petitioner,<br><br>vs.<br><br>SUZANNE R. HASTINGS, Warden;<br>UNITED STATES OF AMERICA; and<br>STATE OF IOWA;<br><br>    Respondents. | No. C03-0014-MWB<br><br>**REPORT AND RECOMMENDATION<br>ON PETITION FOR WRIT OF<br>CORAM NOBIS** |

## *I. INTRODUCTION*

The seeds of this dispute were sewn on July 21, 1995, when a complaint was filed in Jones County, Iowa, Magistrate Court charging the petitioner Tracey Allen McGhghy with a misdemeanor, "Assault – Domestic Abuse Simple." On September 20, 1995, McGhghy appeared in court without an attorney and pled guilty to the charge. On a form entitled "Order: Judgment/Sentencing," McGhghy placed his signature after the following handwritten statement: "Def fully advised of right to lawyer & waives that right knowing he's going to jail." Iowa Magistrate Judge Robert Beckmann sentenced McGhghy to two days in jail, and ordered him to enroll in a batterer's education program.

On November 14, 1996, McGhghy was indicted in this court on federal drug charges. *See United States v. McGhghy*, Case No. CR96-0027 (N.D. Iowa). On May 9, 1997, he pled guilty to the charges, and on September 26, 1997, he was sentenced to 112 months in prison, to be followed by a term of supervised release of five years. McGhghy was released from federal prison in June 2004, and currently is on supervised release.

In calculating McGhghy's sentence under the U.S. Sentencing Guidelines, he was assessed a total of 14 criminal history points, which included one criminal history point for the September 20, 1995, assault conviction. This placed him in Criminal History Category VI. Criminal History Category VI applies where a defendant has 13 or more Criminal History Points, Category VI would have applied even without considering the assault conviction. In other words, the assault conviction was, in effect, irrelevant to the Guideline calculation. In any event, the court departed to Criminal History Category V after finding that Category VI over-represented the seriousness of his criminal history. McGhghy's Total Offense Level was 25. Thus, his Guideline Range under the Sentencing Table was 100 months to 125 months, and he was sentenced in the middle of the Guideline range.

On October 16, 1998, McGhghy filed a state habeas corpus application challenging the assault conviction. The state district court dismissed the application on procedural grounds, but after McGhghy filed a motion for reconsideration, the action was reinstated. The court appointed counsel to represent McGhghy, and later entered an order allowing counsel to amend the application to assert a Sixth Amendment violation. On June 29, 2001, the district court issued a show cause order directing counsel to respond to the court's previous order. When counsel failed to respond to the show cause order, the court dismissed the action. McGhghy appealed the dismissal to the Iowa Supreme Court, and the dismissal was summarily affirmed. Procedendo was issued on July 9, 2002.

McGhghy commence this action in federal court on June 19, 2003, seeking to overturn his assault conviction.

## II. PROCEDURAL BACKGROUND

McGhghy originally filed the pending action as a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254, to challenge "the legality of his current sentence as enhanced by an unconstitutional prior state conviction." (Doc. No. 9, p. 1) In his petition, McGhghy named Mike Ciolli as respondent. Ciolli was, at that time, warden of the federal correctional facility in which McGhghy was incarcerated. On March 28, 2003, judgment was entered dismissing the action on the basis that McGhghy was not "in custody" pursuant to the state court conviction. McGhghy moved to vacate the judgment, and requested leave to amend his petition "to plead alternative jurisdiction under the All Writs Act, 28 U.S.C. § 1651, for coram nobis relief." *Id.*

On June 20, 2003, Chief Judge Mark W. Bennett granted the motion, vacated the judgment, and allowed McGhghy to amend his petition. Judge Bennett summarized McGhghy's claims as follows:

> The essence of McGhghy's argument is that a state conviction for assault and sentence to two days in jail, which were used to enhance the federal sentence that he is now serving, were unconstitutional, because he was not afforded the assistance of court-appointed counsel in his defense, even though he was indigent. . . . Barring him from asserting this challenge to his state court conviction, McGhghy argues, will result in a miscarriage of justice, as he continues to suffer collateral consequences of the unconstitutional state conviction in the form of enhancement of his federal sentence and imposition of other unfavorable conditions of confinement, including denial of visitation with his minor child.

(Doc. No. 10, pp. 1-2)

On July 28, 2003, the State of Iowa (the "State") entered its appearance on behalf of Ciollli. On September 2, 2003, the United States of America (the "United States")

filed its appearance on behalf of Ciolli.[1] On September 4, 2003, the State withdrew from the case, noting Ciolli would be represented "solely by the United States Attorney." (Doc. No. 17) McGhghy objected to the State's withdrawal from the case, arguing the State was the appropriate entity to defend his challenge to his state conviction, and claiming he had requested no federal relief.

The court overruled McGhghy's objection for two reasons. First, the court noted the United States had an interest in the case to the extent McGhghy sought reconsideration of his federal sentence. Second, the court noted, "[T]he State of Iowa also could elect to defend [McGhghy's] State conviction – for example, to ensure it could use the conviction for later sentence enhancements in its own courts . . . but the State has chosen not to do so by virtue of its motion to withdraw." (Doc. No. 29, p. 3)

McGhghy filed objections to the court's order allowing the State to withdraw. Chief Judge Bennett overruled those objections on November 5, 2003, finding no error in the undersigned's conclusion that the United States was the property party in interest to defend this action, "precisely for the reasons stated by Judge Zoss in his October 6, 2003, order[.]" (Doc. No. 34, p. 3) However, Judge Bennett held it was error for the undersigned not to direct the United States to move to intervene in the case before allowing the United States to appear on the respondent's behalf. Judge Bennett therefore ordered the United States to be joined as a party respondent pursuant to Federal Rule of Civil Procedure 19(a). (*Id.*, pp. 3-4) The United States answered on November 10, 2003 (Doc. No. 35), and on May 17, 2004, McGhghy filed a brief on the merits (Doc. No. 55).

---

[1] On December 2, 2003, at McGhghy's request (Doc. No. 36), Suzanne R. Hastings, who succeeded Ciolli as warden of the facility where McGhghy is incarcerated, was substituted for him as the respondent in this case. (Doc. No. 39)

4

In reviewing McGhghy's brief for purposes of preparing a responsive brief, the United States became convinced that the State of Iowa actually was the proper party respondent in the case (as McGhghy had been urging all along), and brought the matter to the court's attention. From McGhghy's original petition, it appeared he was seeking to overturn his State conviction because the conviction had been used to enhance McGhghy's federal sentence. If that had been the case, the United States clearly would have had an interest in these proceedings. However, as the case proceeded, it became apparent that McGhghy was not seeking relief with respect to his federal conviction and sentence because he was about to be released from federal custody, and overturning the State conviction would have had no effect on his federal sentence. Rather, he was seeking to overturn the State conviction because of ongoing, detrimental collateral consequences resulting from the conviction. As a result, the court found the proper party respondent in this action was the State of Iowa, and ordered that the State of Iowa be added to this action as a party respondent. The Attorney General for the State of Iowa filed a responsive brief on September 23, 2004. (Doc. No. 63) The matter now is fully submitted.

In his brief on the merits (Doc. No 55), McGhghy clarified his claim as follows:

> The Amended Petition seeks at its end to invalidate an Iowa state court conviction on the ground that the conviction was obtained in violation of the Sixth Amendment guarantee that in all prosecutions the accused shall enjoy the right to have the Assistance of Counsel for his defense. Alternatively, the amended petition seeks federal review of the Iowa post-conviction proceeding on the ground that the Iowa court deprived McGhghy of his Fifth Amendment Due Process right to a procedurally fair state post-conviction proceeding.

*(Id.*, p. 6) The State responds by arguing this court has no jurisdiction to entertain McGhghy's claims, McGhghy waived his Sixth Amendment right to counsel, and the

court already has ruled that it lacks jurisdiction to consider McGhghy's due process claims. (Doc. No. 63)

### III. DISCUSSION
### A. *Writ of Coram Nobis*

In *United States v. Morgan*, 346 U.S. 502, 511-12, 74 S. Ct. 247, 252-53, 98 L. Ed. 248 (1954), the United States Supreme Court held a writ of coram nobis is an "extraordinary remedy," and courts should grant the writ "only under circumstances compelling such action to achieve justice" and to correct errors "of the most fundamental character." Accordingly, a petitioner must show a compelling basis before coram nobis relief will be granted and must articulate the fundamental errors and compelling circumstances for relief in the application for coram nobis. *United States v. Camacho-Bordes*, 94 F.3d 1168, 1173 (8th Cir. 1996)

"Procedurally, coram nobis is a step in the original criminal proceeding itself." *Booker v. State of Arkansas*, 380 F.2d 240, 243 (8th Cir. 1967) (abrogated on other grounds by *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488 n.2, 93 S. Ct. 1123, 1126 n.2, 35 L. Ed. 2d 443 (1973)). Federal Rule of Civil Procedure 60(b) provides, in part, "Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action." Despite the apparent abolition of writs of coram nobis by this rule, the Supreme Court has held that the writ survives Rule 60(b), but is "reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata.'" *United States v. Beggerly*, 524 U.S. 38, 46, 118 S. Ct. 1862, 1867, 141 L. Ed. 2d 32 (1998).

McGhghy claims that when he pled guilty to assault in state court, he was denied the assistance of counsel in violation of the Sixth Amendment to the United States Constitution, citing *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963).[2] He further claims "compelling circumstances" flowed from this conviction because he "was denied joint custody and specific visitation rights with his daughter Haley" on the basis of the conviction. (Doc. No. 12-2, p. 12) *See Howard v. United States*, 962 F.2d 651, 653 (7th Cir. 1992) (coram nobis relief unavailable "unless a petitioner can show that he . . . suffers from ongoing civil disabilities, or adverse collateral consequences, due to his . . . allegedly wrongful conviction").

Before considering McGhghy's request for coram nobis relief, the court first must determine whether it has jurisdiction to consider such a request. In *Obado v. New Jersey*, 328 F.3d 716, 718 (3d Cir. 2003), the Third Circuit Court of Appeals held as follows:

> Four Courts of Appeals have held that coram nobis is not available in a federal court as a means of attack on a state criminal judgment. *Lowery v. McCaughtry*, 954 F.2d 422, 423 (7th Cir. 1992) (coram nobis applicant is to be sent to court that issued judgment); *Sinclair v. Louisiana*, 679 F.2d 513, 514 (5th Cir. 1982) (same); *Thomas v. Cunningham*, 335 F.2d 67, 69 (4th Cir. 1964) (same); *Rivenburgh v. Utah*,

---

[2]McGhghy makes this claim despite the fact that in the state court record, the magistrate judge specifically noted McGhghy was advised of his right to a lawyer and waived the right. In an affidavit, McGhghy states he "was neither represented by counsel nor advised of [his] right to be represented by counsel as an indigent criminal defendant, nor did [he] voluntarily make a knowing and intelligent waiver of [his] rights in open court." (Doc. No. 12-1, ¶ 2) Thus, there is an unresolved factual dispute concerning whether McGhghy effectively waived his right to counsel in the state court proceedings. *See Iowa v. Tovar*, 541 U.S. 77, 88, 124 S. Ct. 1379, 1387, 158 L. Ed. 2d 209 (2004) ("The information a defendant must possess in order to make an intelligent election [to waive counsel], our decisions indicate, will depend on a range of case-specific factors, including the defendant's education or sophistication, the complex or easily grasped nature of the charge, and the stage of the proceeding.") However, this factual dispute is irrelevant here in light of the conclusion that this court lacks jurisdiction to consider McGhyghy's claim.

>   299 F.2d 842, 843 (10th Cir. 1962) (coram nobis petition set
>   forth no claim for relief cognizable in federal court).

In *Trackwell v. Nebraska*, 126 Fed. Appx. 336 (8th Cir. 2005), Trackwell moved in federal court for a "Writ of Error Coram Nobis" to vacate an Iowa State court conviction that had been used to enhance his federal sentence, claiming his plea in state court was involuntary due to the ineffective assistance of counsel, and in violation of due process and equal protection. In affirming the dismissal of the case by the district court, the Eighth Circuit Court of Appeals held, "[B]ecause a defendant may seek coram nobis relief only from the court that rendered judgment, we lack jurisdiction." *Id.* (citing *Obado*, 328 F.3d at 718). *See also Booker*, 380 F.2d at 244 (Writ of coram nobis "is available, if at all, only in the court which rendered the judgment under attack.").

The only contrary authority cited by McGhghy is *Peterson v. State of Missouri*, 355 F. Supp. 137 (1973). In *Peterson*, the court accepted jurisdiction over three coram nobis actions in which the petitioner was attacking the validity of state court convictions that were used to enhance a subsequent federal sentence. The court noted the petitioner was confused as to how his causes of action should be characterized, and the court held "the trial court must construe the essence of the complaint without controlling reference to the label or title of the pleading to determine jurisdiction under any theory which might afford relief." *Id.*, 355 F. Supp. at 1377. The court then held as follows:

>   Here, petitioner has been involved in litigation concerning
>   alleged violations of his constitutional rights in these three
>   state convictions for over three years. He has fully exhausted
>   whatever state remedies were available to him, or attempted
>   to exhaust those remedies without avail. Serious collateral
>   consequences affecting his present incarceration have been

8

> alleged by the petitioner. Under these circumstances, petitioner should be given his day in federal court on the merits of his constitutional contentions.

*Id.* In light of contrary, controlling precedent from the Eighth Circuit Court of Appeals, the court does not find *Peterson* to support the exercise of jurisdiction over McGhghy's claims in this action.

McGhghy is asking the court to issue a writ of coram nobis to invalidate an Iowa state court conviction. This court does not have jurisdiction to consider such a request. Any such request must be made in the Iowa state courts.

### B. Due Process Review of McGhghy's Post-Conviction Proceedings

McGhghy asserts, as an alternative claim for relief, that he was denied due process in his state post-conviction proceedings. (Doc. No. 55, pp. 33-44) The state asserts the court already has ruled it does not have jurisdiction to consider this claim.

In his initial review order of March 28, 2003 (Doc. No. 5), Chief Judge Bennett found McGhghy was not in custody pursuant to a state court judgment, and he had failed to file a petition for habeas corpus relief within the applicable statute of limitations period. On June 20, 2003, Judge Bennet vacated his March 28, 2003, order so McGhghy could amend his pleadings to assert a claim for coram nobis relief. In his most current brief to this court (Doc. No. 55), McGhghy attempts to resurrect his due process claim.

McGhghy's due process claim is not a claim for coram nobis relief, but is a claim that properly may be asserted only under 28 U.S.C. § 2254. Because he no longer is "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(b), this court has no jurisdiction over this claim. *See* Doc. No. 5; *Weaver v. Pung*, 925 F.2d 1097, 1099 (8th Cir. 1991) ("If the petitioner does not satisfy the custody requirement, the district court lacks subject-matter jurisdiction.").

9

## IV. CONCLUSION

For the reasons discussed above, **IT IS RECOMMENDED**, unless any party files objections[3] to the Report and Recommendation in accordance with 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b) within ten (10) days of the service of a copy of this report and recommendation, that McGhghy's petition for writ of *coram nobis* be denied in its entirety.

**IT IS SO ORDERED.**

**DATED** this 24th day of August, 2005.

PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[3]Objections must specify the parts of the report and recommendation to which objections are made. Objections must specify the parts of the record, including exhibits and transcript lines, which form the basis for such objections. *See* Fed. R. Civ. P. 72. Failure to file timely objections may result in waiver of the right to appeal questions of fact. *See Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475, 88 L. Ed. 2d 435 (1985); *Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990).